IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERENCE STEWART, | ) | |
|     Plaintiff, | ) | |
| v. | ) | No. 3:16-CV-3429-G |
| | ) | |
| CHIEF KEN CHEATLE, | ) | |
|     Defendant. | ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

I.

Plaintiff, a state pre-trial detainee, filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendant is Parkland Hospital Chief of Police Ken Cheatle. The Court has not issued process pending judicial screening.

Plaintiff states he was arrested at Parkland Hospital and charged with assault of a public servant. He appears to argue that he could not have committed the assault because he was in the emergency room at the time of the assault. He seeks money damages.

II.

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

The court shall review . . . as soon as practicable after docketing, a complaint in a civil

action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

### III.

Plaintiff's complaint should be dismissed under the *Younger* abstention doctrine. Under this doctrine, a federal court should abstain from exercising its jurisdiction when to do so would result in the interference in the course of an ongoing state criminal proceeding except in the most extraordinary circumstances and on a clear showing of both great and immediate harm. *See Burgett v. State of Texas*, No. 7:04–CV–227–R, 2005 WL 473680, at *1 (N.D.Tex. Feb.28, 2005) (collecting cases); *see also Younger v. Harris*, 401U.S. 37, 43–45 (1971). The requirement that a plaintiff prove "extraordinary circumstances" to obtain federal relief is

grounded in the principals of comity and federalism. *Younger*, 401 U.S. at 44.

The *Younger* abstention doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)) (internal citations omitted).

All prerequisites for abstention under *Younger* are met here. There is an ongoing state judicial criminal proceeding that is currently pending. *See* www.dallascounty.org. A determination by this Court that Plaintiff could not have committed the assault would interfere with the state criminal proceedings. Further, "[t]he state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984); *see also Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 85 (5th Cir. 1992) (explaining that, "under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff" (citing *Younger*, 401 U.S. at 41)). Finally, Plaintiff has a full opportunity to raise his constitutional challenges in the Texas state courts. *See DeSpain*, 731 F.2d at 1176; *see also Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights").

All three conditions of *Younger* are met in this matter. The Court may refuse to abstain if an exception applies, but no exception applies here. The Court should abstain from jurisdiction

over Plaintiff's claims.

IV.

The Court recommends that Plaintiff's complaint be dismissed without prejudice under the *Younger* abstention doctrine.

Signed this ___ day of _____, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).